**Matthew H. Green**
AZ Bar No. 020827
**LAW OFFICES OF MATTHEW H. GREEN**
130 West Cushing Street
Tucson, Arizona 85701
Telephone: (520) 882-8852
Email: mgreenh@azbr.org
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carmen FIGUEROA OTERO, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| JEH JOHNSON, Secretary for the | ) | |
| Department of Homeland Security; | ) | |
| LEON RODRIGUEZ, Director for the | ) | |
| United States Citizenship and | ) | |
| Immigration Services ("CIS"); JOHN | ) | |
| KRAMER, District Director for the | ) | |
| Phoenix CIS, Julie Hashimoto, Director | ) | |
| For the Tucson Field Office of CIS | ) | |
| Defendants | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW Carmen Figueroa Otero (previously known as Carmen Castaneda Otero), by and through counsel undersigned, and timely files this Complaint for Declaratory and Injunctive Relief in accordance with Federal Rules of Civil Procedure 8(a), 57, and 65. Ms. Figueroa applied for the affirmative immigration benefit of adjustment to permanent resident status and was denied. As this denial was erroneously based on an *unknowing* false claim to U.S.

citizenship, Ms. Figueroa brings this declaratory and injunctive action to compel Defendants to reconsider her adjustment of status application and grant her status as a permanent resident.

## I.   BACKGROUND AND STATEMENT OF CASE AND FACTS

1. Carmen Figueroa Otero is a forty-five-year-old citizen of Mexico who resides in Marana, Arizona.

2. Ms. Figueroa has lived in the United States nearly all of her life.

3. When Ms. Figueroa was growing up, her mother told her she was a U.S. citizen because she had been born in Texas.

4. Ms. Figueroa was permitted to enroll in public schools in the U.S., was issued a delayed U.S. birth certificate, and obtained a U.S. passport, based on her mother's account of her citizenship and birth location.

5. Ms. Figueroa also honorably served for ten years as a law enforcement officer for the Arizona Department of Public Safety (DPS), a position that requires U.S. citizenship.

6. Throughout her youth and adulthood, Ms. Figueroa would take casual trips to Mexico using her U.S. forms of identification and crossing the border as a U.S. citizen.

7. The most recent of these trips was in or around May of 2013, when she crossed with her passport.

8. Each time Ms. Figueroa presented herself and her identification to government officials, she believed in good faith that she was a U.S. citizen.

9. However, shortly after her May 2013 trip, Ms. Figueroa's brother was suddenly denied a U.S. passport on the ground he was a citizen of Mexico, even though his mother had always told him, as she had told Ms. Figueroa, that he was born in Texas and was a citizen of the United States.

10. This was the first time Ms. Figueroa became aware she had also been born in Mexico and was not a U.S. citizen.

11. Ms. Figueroa has not made any claims to U.S. citizenship since learning her true identity.

12. After discovering she was not a citizen, Ms. Figueroa decided to apply for an immigrant visa to allow her to continue to live in the United States.

13. Ms. Figueroa applied for and was granted classification as an "immediate relative" of her husband, Mr. Alberto Otero, who is a U.S. citizen and resident of Marana, Arizona.

14. An "immediate relative" of a U.S. citizen is instantly "eligible to receive an immigrant visa," as long as she can demonstrate she "was inspected and admitted or paroled into the United States." See INA § 201(b), 8 U.S.C. § 1151(b); INA § 245(a), 8 U.S.C. 1255(a).

15. On January 6, 2014, Ms. Figueroa used her classification as an immediate relative to apply for an immigrant visa using a Form I-485, Application to Register Permanent Residence or Adjust Status.

16. On September 28, 2015, the U.S. Department of Homeland Security ("DHS"), CIS, Tucson Field Office denied Ms. Figueroa's application.

17. The Tucson Field Office is under the direct supervision and control of Defendant Julie Hashimoto.

18. The Tucson Field Office is an agent of the other Defendants named in this suit..

19. The Tucson Field Office stated that it was denying the application because Ms. Figueroa had not been "inspected and admitted or paroled into the United States," because she had used her improperly-issued U.S. passport to gain entry into the country as a U.S. citizen in May 2013.

20. The Tucson Field Office did not allege or conclude that Ms. Figueroa had *fraudulently*

used her passport or claimed U.S. citizenship in a *knowingly* false manner.

21. The Tucson Field Office grounded its denial solely on the fact that Ms. Figueroa was not actually entitled to be inspected and admitted as a citizen in May 2013, regardless of her good faith.

22. This denial has no basis in the law.

23. To conceal its lack of legal footing, the Tucson Field Office changed a lengthy block quotation from a precedential case to make it seem like the case supports its decision.

24. The changed quote made up the entirety of the legal analysis in the Tucson Field Office's written decision.

25. The changed quote came from *Matter of Pinzon*, 26 I&N Dec. 189, 191–92 (BIA 2013), but was altered with one additional phrase and another redacted phrase, in order to give it the opposite meaning from what *Pinzon* and its predecessors had held

26. In its written decision, the Tucson Field Office pulled its entire legal analysis directly from the *Pinzon* case.

27. The Tucson Field Office did not include a citation to *Pinzon*, making it more difficult to discover the text had been copied and pasted, as well as critically altered.

28. After receiving the denial, Ms. Figueroa timely urged the Tucson Field Office to reconsider its denial and pointed out the adulterated quotation of *Pinzon*, by filing a Form I-290B, Motion to Reconsider.

29. Ms. Figueroa further explained that the Tucson Field Office's reasoning was contrary to more than fifty years of binding precedent from the Board of Immigration Appeals (BIA) and the U.S. Court of Appeals for the Ninth Circuit.

30. On December 18, 2015, the Tucson Field Office nevertheless declined to reopen or

reconsider its denial of Ms. Figueroa's adjustment of status application.

31. In the December 18th denial, the Tucson Field Office again refused to cite to *Pinzon*, and listed only the cases cited therein as forming the basis for its conclusion; it listed these cited cases *without* analyzing their holdings.

32. Had the Tucson Field Office analyzed these cases' holdings, it would have seen that binding precedent deems an entry using a *good faith* claim to citizenship to be an inspection and admission for purposes of an adjustment of status application. See *Matter of Quinlantan*, 25 I&N Dec. 285, 290 (BIA 2010) ("[A]n alien who had physically presented herself for questioning and made no *knowing* false claim of citizenship had satisfied the 'inspected and admitted' requirement of section 245(a) of the [Immigration and Nationality] Act") (emphasis added), *Matter of F-*, 9 I&N Dec. 54, 56 (9 Reg'l Comm'r, Ass't Comm'r 1960) ("[W]here a person presented himself to an immigrant inspector and stated that he was a citizen of the United States, honestly believing this to be the truth, that person did not enter without inspection"). See also *Matter of Wong*, 12 I&N Dec. 733, 734 (BIA 1968) (refusing to dissolve the distinction between good-faith and bad-faith claims to citizenship and holding that "an alien who honestly believed that he was a citizen and appeared before an immigrant inspector can properly be considered to have been inspected within the meaning of the immigration laws").

33. The *only* reason the Tucson Field Office gave for denying Ms. Figueroa's adjustment of status application was that her unwittingly inaccurate claim to U.S. citizenship prevented her from being inspected and admitted under the immigration laws.

34. Indeed, because the Tucson Field Office refused to follow binding precedent on its sole ground for denial, Ms. Figueroa was wrongfully prevented from adjusting her status to

that of a lawful permanent resident in this country.

## II. JURISDICTION AND VENUE

35. Ms. Figueroa alleges that Defendants, by and through their agent, the Tucson Field Office of CIS, violated INA § 245, 8 U.S.C. § 1255, and the case law that interprets it.

36. "A person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Administrative Procedure Act, 5 U.S.C. § 702 (2015).

37. This Court also has original jurisdiction because this is a civil action that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

38. This Court has jurisdiction to grant the requested relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, which gives it the authority to "declare the rights and other legal relations of any interested party seeking such declaration" and grant "[f]urther necessary or proper relief based on [that] declaratory judgment or decree." *Id.*

39. This Court has further authority to "compel agency action unlawfully withheld" and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law" under the Administrative Procedure Act, 5 U.S.C. § 706(1) & (2)(A).

40. Venue is proper in the District of Arizona because it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## III. CAUSES OF ACTION

### Count One
### Administrative Procedure Act

41. Ms. Figueroa re-alleges and incorporates by reference paragraphs 1 through 35 above.

42. Defendants' decisions denying Ms. Figueroa adjustment of status were not in accordance with law because they were based solely on her good-faith claim to citizenship at her last border crossing, and a good-faith claim to citizenship is not a ground for denying adjustment of status.  See *Matter of Quinlantan*, 25 I&N Dec. at 290; *Matter of F-*, 9 I&N Dec. at 56; *Matter of Wong*, 12 I&N Dec. at 734.

43. Because the only basis identified for the denial was contrary to law, Ms. Figueroa should have been permitted to adjust her status and Defendants' agent's refusal of this permission constituted agency action wrongfully withheld.  See INA § 245, 8 U.S.C. § 1255.

44. Under the Administrative Procedure Act, decisions that are not in accordance with law should be set aside, and agency action that is wrongfully refused should be compelled. 5 U.S.C. §§ 706(1) & (2)(A).

**Count Two**
**Administrative Procedure Act**

45. Ms. Figueroa re-alleges and incorporates by reference paragraphs 1 through 38 above.

46. Defendants further wrongfully withheld agency action and abused its discretion when it refused to reopen or reconsider its denial of Ms. Figueroa's adjustment of status application upon good cause shown. See 8 C.F.R. § 103.5.

47. Under the Administrative Procedure Act, agency action that was wrongfully withheld should be compelled and a decision constituting an abuse of an agency's discretion should be set aside. 5 U.S.C. §§ 702(1) & (2)(A).

**Count Three**
**Due Process and Equal Protection under the U.S. Constitution**

48. Ms. Figueroa re-alleges and incorporates by reference paragraphs 1 through 42 above.

49. Defendants' agent's decisions denying Ms. Figueroa's adjustment of status application on a single erroneous ground violated her due process and equal protection rights, which are guaranteed by the Fifth Amendment of the United States Constitution.

### IV. DEMAND FOR RELIEF

WHEREFORE, Ms. Figueroa respectfully requests that this Court:

A. Reverse Defendants' agent's decision not to reopen or reconsider its denial of Ms. Figueroa's adjustment of status application;

B. Order Defendants, through the Tucson Field Office, to grant Ms. Figueroa's adjustment of status application;

C. Retain jurisdiction during the adjudication of the adjustment of status application in order to ensure compliance with the Court's orders;

D. Award reasonable costs and attorneys' fees; and

E. Grant such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this <u>16th</u> day of <u>February</u>, 2016

**LAW OFFICES OF MATTHEW H. GREEN**


/s/Matthew H. Green_____
Matthew H. Green
LAW OFFICES OF MATTHEW H. GREEN
AZSB No. 020827
130 West Cushing Street
Tucson, Arizona  85701
(520) 882-8852
mgreenh@azbar.org

Attorney for Plaintiff
Plaintiff resides at:
 12233 N. Whistling Wind Ave.
Marana, AZ  85658

**CERTIFICATE OF SERVICE**

I, Matthew H. Green, hereby certify that on February 16, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address(es):

Respectfully submitted,

/s/Matthew H. Green
Matthew H. Green
LAW OFFICES OF MATTHEW H. GREEN
AZSB No. 020827
130 West Cushing Street
Tucson, Arizona  85701
(520) 882-8852
mgreenh@azbar.org